UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Criminal Case No. 05-342-02 (RCL) |
| ) | 05-342-16 (RCL) |
| **JESUS ANTONIO MURILLO-LENIS (2)**) | |
| ) | |
| and    ) | |
| ) | |
| **JAIME HERNAN GUTIERREZ-**    ) | |
| **DIAZ (16)**    ) | |
| ) | |
| Defendants.    ) | |
| _____) | |

### GOVERNMENT'S MOTION FOR PRETRIAL DETENTION
### AND PROPOSED ORDER

The United States, by and through its attorney, Patrick H. Hearn, Trial Attorney, Narcotic and Dangerous Drug Section, United States Department of Justice, hereby respectfully moves this court to order the pretrial detention of defendant Jesus Antonio Murillo-Lenis (Murillo) and Jaime Hernan Gutierrez-Diaz (Gutierrez) pursuant to 18 U.S.C. § 3142(e).  As set forth herein, there is a statutory presumption in favor of detention because the defendants are charged with, inter alia, Conspiracy to Manufacture and Distribute for the Purpose of Unlawful Importation Into the United States Five Kilograms or More of Cocaine, in violation of 21 U.S.C. § 959 and 960, which is an offense that carries a maximum penalty of more than ten years imprisonment.  Moreover, the government believes the defendants have no ties to the United States; the government believes the defendants have the ability to flee and would flee if  released from

custody; and the government believes the defendants would pose a danger to the community unless they detained.

I.      **Factual Background**

Murillo and Gutierrez have been brought to the United States based upon charges in this case which arise from evidence obtained during an investigation which revealed that Murillo and Gutierrez are members of a drug (cocaine) trafficking and transportation organization (DTO). He is currently in custody at the Washington, D.C. Jail or CTF.

The evidence against Murillo, Gutierrez and the indicted co-conspirators consists of seizures of cocaine, surveillance, Colombian court-authorized intercepted telephone conversations, and cooperating and/or government witnesses. The evidence from the investigation shows that the DTO operated in and around the north coast of Colombia, South America. from at least April, 2005, to the at least August, 2006. Murillo, Gutierrez and the indicted co-conspirators have worked together to ensure the transportation of thousands of kilograms of cocaine, intended for transport to the United States, using maritime shipping vessels and "go fast" boats from locations in northern Colombia to transhipment points in Central America or Mexico. From Central America or Mexico the cocaine is transported to final destinations in the United States.

The "go fast" boats, used to transport the cocaine, are specifically designed to hold a ton or more of the cocaine at a time. Moreover, these boats are typically outfitted with two to four high performance outboard engines each, enabling the boats to travel long distances at relatively high speeds, even when fully loaded. The boats leave their loading locations along the northern coast of Colombia to meet maritime shipping vessels at sea to offload the cocaine for further transportation to Central America or Mexico. Or the "go-fast" boats will proceed directly to

offloading locations near the coasts of Central America and Mexico. At the offloading locations, the cocaine shipments are received by other drug trafficking organizations and transported into the United States.

Based upon the evidence in this case, the DTO has shipped thousands of kilograms of cocaine from Colombia to the United States since 2005. Several of those cocaine shipments were seized by law enforcement, specifically, on July 22, 2005; January 21, 2006; March 7, 2006; and March 24, 2006. Members of the DTO fulfill a number of responsibilities within the DTO to facilitate the manufacture and transportation of cocaine from Colombia to Central America or the Caribbean Sea region, then to Mexico, and finally to the United States. There have been numerous recorded conversations between members of the DTO concerning shipments and transportation of cocaine in quantities of a thousand kilograms or more. The conversations between members of the DTO involved all aspects of supervising, organizing, and facilitating numerous cocaine shipments, including the cocaine shipments seized by law enforcement agents.

Murillo, Gutierrez, and the indicted co-conspirators have assisted in arranging financing, purchases of cocaine, logistical support, transportation or storage of cocaine, provisioning of supplies for the "go-fast" boats, arrangements for the receipt of cocaine by the DTO or arrangements for the delivery of the cocaine to other organizations for ultimate delivery to the United States. Colombian judicially authorized interceptions of the organization members' telephone conversations show their participation in the overall organization. In various intercepted communications, each of the defendants in this case, including Murillo and Gutierrez have been heard by law enforcement agents discussing the purchasing and assembling of the cocaine, transport operations, or financial transactions with other members of the drug organization. Surveillance of the activities of the organization's members has confirmed the

trafficking activities discussed by the defendants in the intercepted telephone conversations.

Murillo, based upon the evidence, is a "go-fast" boat captain responsible for transporting large quantities of cocaine from Colombia to other ocean-going vessels so the cocaine can be delivered to Central America or Mexico for ultimate transportation to the United States. Witnesses have stated that, in addition to being a "go-fast'" boat captain, Murillo-Lenis is also responsible for the organization of the crew, communications, logistics, engines and mechanics for the boats that transport the DTO's cocaine. He is also responsible for obtaining "asset" reports. Asset reports provide the location on the open seas of Colombian and United States naval vessels. The DTO uses that information to avoid detection and apprehension of the boats carrying its cocaine on its way to the United States.

Gutierrez, based upon the evidence, works as a financier for the DTO. Gutierrez is responsible arranging financing for the DTO's cocaine purchases and shipments. Witnesses have stated that Gutierrez will advance the money for cocaine shipments which facilitates the purchase of the cocaine and its transportation to Mexico. Witnesses have stated there have been discussions between Gutierrez other members of the DTO regarding cocaine shipments and investing in those shipments. Witnesses have stated that Gutierrez financed the 1,015 kilogram cocaine shipment seized on March 7, 2006.

**II.     Legal Analysis**

The federal bail statute authorizes a defendant's pretrial detention when no "condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of any other person and the community." 18 U.S.C. § 3142(e). The statute further provides that there is a rebuttable presumption that the defendants should be detained if there is probable cause

to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act, 18 U.S.C. § 3142(e).

The existence of the indictment in this case establishes probable cause as a matter of law. See e.g., United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990). Moreover, the Government is permitted to proceed by proffer to establish other facts relevant to the bail decision. United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).

Several other factors in the detention statute also support the Government's request for pretrial detention. First the nature and circumstances of the offense are compelling. 18 U.S.C. § 3142(g)(1). Second, the weight of the evidence against the defendants is substantial. The evidence in this case consists of seizures of cocaine, go-fast boats transporting the cocaine on international waters, legally authorized wiretaps of the defendant discussing the cocaine, surveillance of the defendant and co-conspirators and the testimony of cooperating and/or government witnesses. 18 U.S.C. § 3142(g)(2). Third, the fact that the defendants are Colombian citizens with no known ties to the United States argues in favor of their detention pending trial. . 18 U.S.C. § 3142(g)(3)(A). Several courts have ordered pretrial detention of foreign defendants without any contacts to the United States. E.g., United States v. Vargas, 804 F.2d 157 (1st Cir. 1986) (Chilean defendant in drug importation case who had no family ties to U.S. was properly detained when no conditions or combination of conditions would reasonably assure his appearance at trial); United States v. Geerts, 629 F.Supp. 830 (E.D. Pa. 1985) (defendant was citizen of Netherlands who faced possibility of approximately fifty years imprisonment on customs related charges and had no significant ties to United States; he thus presented a serious risk of flight which justified pretrial detention). The government is unaware

of any significant ties, including family, work, business, friends or property, by the defendants to the United States.

Finally, the defendants constitutes a clear and present danger to the community. The federal courts have recognized that drug traffickers, particularly those in positions of authority, are likely to continue engaging in drug related activities if released on bail and thus, constitute a danger to the community. See United States v. Knight, 636 F.Supp. 1462 (S.D. Fla. 1986). Accord United States v. Creekmore, 1997 W.L. 732435 (D.D.C. 1997)(Facciola, J.).

**III.    Conclusion**

For all of the foregoing reasons, the Government respectfully requests that the motion to detain the defendants without a bond pending trial be granted.

Dated: December 12, 2007

                                      Respectfully submitted

                                      KEN BLANCO, Chief
                                      Narcotics and Dangerous Drug Section


                                      /s/_____
                                      Patrick H. Hearn
                                      Trial Attorney
                                      Narcotics and Dangerous Drug Section
                                      U.S. Department of Justice
                                      1400 New York Avenue, N.W.
                                      Washington, D.C.  20005
                                      (202) 305-7606

**CERTIFICATE OF SERVICE**

     I hereby certified that a copy of the forgoing Motion for Pretrial Detention and Proposed Order will be presented to the attorney representing Murillo on December 13, 2007 and sent to David Zapp, attorney for Gutierrez via ECF on December 13, 2007.

                                          /s/
                                          Patrick H. Hearn
                                          Trial Attorney
                                          U.S. Department of Justice