# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| *v* | : | **Criminal No. 05 342-02 (RCL)** |
| **JESUS ANTONIO MURILLO LENIS** | : | |

## OPPOSITION TO GOVERNMENT'S MOTION
## UNDER THE SPEEDY TRIAL ACT FOR CONTINUANCE
## AND MEMORANDUM OF POINTS AND AUTHORITIES

Jesus Antonio Murillo Lenis through undersigned counsel, respectfully opposes the government's request for a continuance under the speedy trial act. Mr Murillo asserts his right to a speedy trial in this case. In support of this opposition, counsel states the following:

### PROCEDURAL AND FACTUAL BACKGROUND

According to government pleadings, on September 14, 2005, Mr Murillo along with his co-defendants, Alvaro Serrano Archbold Manner and Ranfer Manuel Rios Mercado were indicted. Two subsequent superseding indictments followed on January 3, 2006 and on April 18, 2006.

On December 11, 2007, Mr Murillo arrived in the District of Columbia to face the charges in this case. At this point, counsel is uncertain as to the specific date Mr Murillo was arrested in Colombia but believes it was August 16, 2006.

### ARGUMENT

The Speedy Trial Act establishes time frames in which a defendant is required to be tried. "The trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the

information or indictment, or from the date the defendant has appeared before a judicial officer

of the court in which such charge is pending, whichever date last occurs." 18 USC §3161 (c)(1).

The Act provides that certain periods of delay be excluded in computing the time within which

the trial of any offense must commence, including an exclusion when "the ends of justice" are

served "by taking such action outweigh the best interest of the public and the defendant in a

speedy trial," 18 USC §3161(8)(A), when the "case is so unusual or complex, due to the number

of defendants, the nature of the prosecution, or the existence of novel questions of fact or law,

that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial

itself, 18 USC §3161(8)(B)(ii).

Counsel has received three discs containing wiretapped conversations between and

among the co-defendants in this case. After a careful review of these discs, counsel has  not

found any conversations related to defendant Murillo except for one passing reference to a  "don

Jesus" and another reference to someone being "in Murillo" in another conversation. Based on

this early assessment with respect to Mr Murillo, it does not appear that this case is complex,

presents novel questions of fact or law or has extensive discovery related to defendant. The

government has not provided a sufficient explanation of why the court should exclude the time

under the Act with respect to this defendant. The information given to counsel to date indicates

that the government's case against defendant is based on surveillance, telephone conversations,

and  witnesses who allege that defendant Murillo was involved in this conspiracy as a captain of

a "go-fast" boat.  The government has specified only one incident in which its  witnesses

maintain this to be true. That incident took place on July 22, 2002—more than five-and-a-half

years ago. Based on the paucity of evidence against defendant known to counsel to date, it would

not seem to be a great burden for the government to provide what additional evidence it has

against Mr Murillo so that he can prepare to go to trial within the 70-day period contemplated under 18 USC § 3161.

The six-month time period the government seeks to exclude from the speedy trial act, for the reasons given is too great and is not warranted. Defendant submits that it is not likely that Colombia will extradite the remaining defendants in the next three to six months. Defendant Villegas Mejia points out in his *Defendant's Response to Government's Motion to Exclude Time Under the Speedy Trial Act and Declare the Case Complex*, filed January 7, 2008, that the government's past estimates have extended beyond the "estimated 3-6 month period" the government stated in previous motions to exclude time—in one case the defendant did not appear until nine months later and in another case the defendant did not appear until eleven months later.

The government has had the evidence against Mr Murillo for almost two-and-a-half years, ample time to have reviewed it, translated it, and prepared for trial. Therefore, Mr Murillo requests the court deny the government's request to toll the Speedy Trial Act based on the speculation that other defendants will be extradited within three to six months.

## CONCLUSION

Wherefore, for these reasons and any others Mr Murillo opposes the government's request to continue the case based on Speedy Trial Act exclusions.

Respectfully submitted,

*Joseph Virgilio*

Joseph Virgilio (Bar № 237370)
1629 K Street NW
Suite 300
Washington DC 20006-1631
202.686.6914
*Attorney for Jesus Antonio Murillo Lenis*
(Appointed by the Court)