UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>  )<br> Plaintiff, )<br>  )<br> v. )<br>  )<br> **JESUS ANTONIO MURILLO-LENIS (2)** )<br>  )<br> Defendant. )<br>  ) | Criminal Case No.  05-342-02 (RCL) |

### GOVERNMENT'S RESPONSE TO MOTION FOR SEQUESTRATION ORDER AND DISCLOSURE OF MOVEMENT TO DATE

The United States of America, by and through undersigned counsel, files this response to the defendant's motion for sequestration order and disclosure of movement (266) to date and states that the motion should be denied based upon the following:

### Separation of Witnesses

The defendant requests an order from this Court directing the physical separation of all government witnesses pending trial.  "Said separation should include but not be limited to preventing these witnesses from being held together in the holding pen" prior to taking the witness stand. (Def. Mot. at p. 1).  Further, the defendant requests an order directing the government witnesses to refrain, absent prior approval from the Court, from contact with their individual attorneys while they are testifying.  These requests are inappropriate and unwarranted.

Pursuant to Fed.R.Evid. 615, sequestration of witnesses is a matter which is committed to this Court's discretion. *Queen v. Washington Metropolitan Area Transit Authority*, 842 F.2d 476, 482 (D.C. Cir. 1988).  The purpose of sequestration is to prevent witnesses from tailoring their testimony to that of prior witnesses and to aid in detection of dishonesty. *Geders v. United*

*States*, 425 U.S. 80, 97 (1976). The defendant's requests do not further either purpose.

Moreover, in *United States v. Collins*, 340 F.3d 672, 681, (8th Cir. 2003), the confinement of witnesses in the same holding cell was not a violation of rule 615 inasmuch as neither inmate could tell the other about the nature of his testimony because neither had testified prior to the time they were in the holding cell. Accordingly, there is no justification for placing such a burden on either the United States Marshals Service ("USMS") or the Bureau of Prisons ("BOP") personnel responsible for the production of the inmate witnesses in the trial of this matter. Furthermore, it is respectfully requested that, if this Court is contemplating granting the defendant's request regarding separate holding cells, then the USMS and BOP be permitted to state any problems or objections they may have with the proposed relief.

Similarly, if this Court is contemplating granting the defendant's request for an order requiring the represented witnesses to obtain prior permission from this Court prior to conferring with their respective counsel while testifying, then counsel for each of the inmate witnesses should be permitted to present any objections to this Court.

## Production of Prisoner Movement Reports

The defendant has also requested all prisoner movement forms from the USMS for all inmate witnesses from 2005 to present, but failed to present any authority for such request. The prisoner movement forms are not discoverable under Fed.R.Crim.P. 16, are not public records under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552, and may include sensitive information that could compromise law enforcement. The purpose of the prisoner movement forms is administrative, not investigative or evidentiary, and the defendant has not presented a basis for the disclosure of the forms for the inmate witnesses from 2005 to present.

Furthermore, the unwarranted disclosure of the forms would be unnecessarily burdensome on the USMS and could compromise the security of federal prisoners. *See Whittington v. Lynaugh*, 842 F.2d 818, 819 (5th Cir. 1988) (discovery of prisoner movement reports was unjustified and a burden on prison administration); *Linn v. U.S. Dept. Of Justice*, unreported decision at 1995 WL 417810 at **18-19 (D.D.C. 1995) (USMS properly withheld information regarding prisoner movements from FOIA production due to the potential risk to the security of federal prisoners). The considerations of institutional security militate against disclosure of the prisoner movement reports. In conclusion, again it is respectfully requested that if this Court is contemplating granting the defendant's request regarding production of the reports, then the USMS and BOP be permitted to state any problems or objections they may have with the proposed relief.

WHEREFORE, the government respectfully requests that this Court deny the defendant's request for a sequestration order and request for disclosure of movement to date.

Respectfully submitted,

Wayne Raabe, Acting Chief
Narcotics and Dangerous Drug Section


\_\_\_\_/s/_____
Patrick H. Hearn
Trial Attorney
Narcotics and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 305-7606

## CERTIFICATE OF SERVICE

      The undersigned certifies that on September 18, 2008, the above Response was sent via ECF to all counsel for the defendants.

                              /s/  
                              Patrick H. Hearn  
                              Trial Attorney  
                              U.S. Department of Justice  
                              Narcotic and Dangerous Drug Section