# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | § | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Crim. Action No. 05-342-2 (RCL) |
| | § | |
| JESUS ANTONIO MURILLO | § | |
| LENIS, | § | |
|     Defendant. | § | |
| | § | |

## MEMORANDUM AND ORDER

Defendant Jesus Antonio Murillo Lenis's motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on amendments to the United States Sentencing Guidelines is before this Court. Upon consideration of the motion, applicable law, and the entire record herein, the motion will be denied for the reasons set forth below.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2008 the defendant pleaded guilty to a one count information charging him with conspiring to distribute less than five hundred grams of cocaine intending and knowing that the cocaine would be unlawfully imported in to the United States. He did so pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). In that agreement, the defendant and the United States agreed to a 72-month term of imprisonment as an appropriate sentence, but the agreement allowed the defendant to argue that a twelve month reduction in sentence was appropriate. After hearing the arguments of counsel and the allocution of the defendant, the Court sentenced Mr. Murillo Lenis to a 72-month term of imprisonment. The defendant has filed a

motion for a reduction of his sentence based on Amendment 591 to the United States Sentencing Guidelines. Because his request is contrary to 18 U.S.C. § 3582(c)(2), the rules of criminal procedure, the sentencing guidelines, and applicable case law, his motion will be denied.

## III. ANALYSIS

The examination of defendant's motion must begin with the statute under which he seeks relief. 18 U.S.C. § 3582(c)(2) provides that a defendant may make a motion to reduce his sentence if he was sentenced to a term of imprisonment *based on a sentencing range* that has been *subsequently reduced* by the United States Sentencing Commission. Murrillo Lenis is unable to avail himself of this section, however, because a sentence agreed to in a Rule 11(c)(1)(C) agreement is not a sentence "based on a sentencing range" that has been set by the Sentencing Commission. The D.C. Circuit has stated that "[a] sentence arising from a Rule 11(e)(1)(C) plea . . . does not result from the determination of an appropriate guidelines offense level, but rather from the agreement of the parties: an agreement that is binding on the court once it is accepted by the court." *United States v. Heard*, 359 F.3d 544, 548 (D.C. Cir. 2004) (citing Fed. R. Crim. P. 11(e)(1)(C)[1]). As such, 18 U.S.C. § 3582(c)(2) has no application to this case.

---

[1]Shortly before the Court of Appeals' decision Rule 11(e)(1)(C) was renumbered as Rule 11(c)(1)(C). At the time of defendant's plea in *Heard* it was still Rule 11(e)(1)(c) and was referenced as such in the Court of Appeals' opinion, however, at the time of Murillo Lenis's plea it had been renumbered and subsequent references in this Order will refer to Rule 11(c)(1)(C).

Moreover, as noted by the D.C. Circuit in *Heard*, the rule of criminal procedure under which Heard entered his plea does not allow this Court to modify his sentence. *Heard*, 359 F.3d at 548. Federal Rule of Criminal Procedure 11(c)(1)(C) states that an agreement on a sentence under this rule "binds the court once the court accepts the plea agreement." As noted by the rule, the ultimate agreement is a contract signed by the parties and is not a result of the court consulting the sentencing guidelines and sentencing the defendant accordingly. Indeed, when a court accepts a Rule 11(c)(1)(C) plea it forgoes that opportunity. As a result, a court has no power to modify the sentence under the Federal Rules of Criminal Procedure.

The sentencing guidelines themselves also counsel against the defendant's request. Section 1B1.10 of the sentencing guidelines, which governs retroactively lowering a defendant's sentence, states that a court may only reduce a defendant's sentence as provided by 18 U.S.C. § 3582(c)(2). In other words, the sentencing guidelines do not confer on defendants additional avenues for challenging a sentence. And, as noted above, section 3582(c)(2) itself only allows for a sentencing reduction if the defendant was originally sentenced under the guidelines. *Cf. United States v. Profeta*, No. 01-3030, 2001 WL 1488668, at *1 (D.C. Cir. 2001) (per curiam) (stating that if a defendant is sentenced to a statutorily mandated minimum sentence the district court has no authority to reduce a sentence under 18 U.S.C. § 3582(c)(2)).

## IV. CONCLUSION AND ORDER

Because the defendant was sentenced under a plea agreement governed by Federal Rule of Criminal Procedure 11(c)(1)(C), rather than under the sentencing guidelines, this Court has no power to modify his sentence under 18 U.S.C. § 3582(c)(2). Accordingly, it is hereby ORDERED that defendant's motion is DENIED.

**SO ORDERED** this 10th day of December 2009.

*/s/ Royce C. Lamberth*
ROYCE C. LAMBERTH
Chief Judge
United States District Court